IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CIVIL ACTION NO. 1:16-CR-155** |
| : | |
| **v.** : | **(Chief Judge Conner)** |
| : | |
| **QUINTON NOEL GORDON,** : | |
| : | |
| **Defendant** : | |

## MEMORANDUM

Defendant Quinton Noel Gordon ("Gordon") moves to suppress physical evidence obtained pursuant to a search warrant. Gordon argues that evidence seized during the June 1, 2016 search of his residence at 62 Lincoln Way West in Chambersburg, Pennsylvania, must be suppressed because the affidavit in support of the warrant failed to establish probable cause. The court will deny Gordon's motion.

**I.     Factual Background**

The following factual narrative derives from Gordon's motion and the affidavit of probable cause that is the subject of said motion. On June 1, 2016, Detective Jason L. Taylor ("Taylor") of the Franklin County District Attorney's Office applied for and received a search warrant for a residence located at 62 Lincoln Way West in Chambersburg, Pennsylvania. (Doc. 21 at 1-2). The affidavit of probable cause that supported the warrant application alleged the following pertinent facts: (1) in January of 2016, police identified Gordon as a heroin distributor; (2) police cultivated a reliable confidential informant in the spring of 2016 who provided information on Gordon, such as the model of his vehicle, location of drug deals, and contact information for a middle man that could obtain

heroin from Gordon; (3) within 48 hours of April 17, 2016, the confidential informant made a controlled purchase of heroin during which surveillance officers observed the confidential informant pay the middle man, followed by a rendezvous between the middle man and Gordon, and then the middle man's delivery of heroin to the confidential informant; (4) law enforcement observed similar deals around April 23, 2016, May 1, 2016, and May 29, 2016, where surveillance officers saw Gordon interact with the middle man prior to the middle man supplying the confidential informant with heroin; and (5) law enforcement viewed Gordon exiting or entering his residence, 62 Lincoln Way West, prior to or after each of these four deals. (Doc. 21-2 at 3-6). Taylor noted that Gordon brought heroin with him from his residence on three separate occasions, leading Taylor to believe that Gordon's residence would contain heroin and drug paraphernalia used for packaging. (Id.)

Law enforcement executed the warrant on 62 Lincoln Way West on June 1, 2016 and seized heroin, cocaine, and a firearm. (See Doc. 1).

## II. Procedural History

On June 15, 2016, a federal grand jury returned a three-count indictment against Gordon. (Doc. 1). The indictment charges Gordon with possession of cocaine and heroin with the intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Count I); possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count II); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count III). (Id.) Gordon pled not guilty to all counts. (Doc. 12). Jury selection and trial are currently scheduled to begin at 9:30 a.m. on December 5, 2016. (Doc. 31). On

September 16, 2016, Gordon filed the instant *nunc pro tunc* motion to suppress, accompanied by a supporting brief. (Docs. 21, 22). On September 27, 2016, the United States filed a brief in opposition. (Doc. 26). The court convened a hearing on the motion on October 17, 2016. The motion is fully briefed and ripe for disposition.

### III.   Discussion

Gordon seeks suppression of all physical evidence seized during law enforcement's search of his residence at 62 Lincoln Way West. (See Doc. 21). He avers that the affidavit underlying the search warrant did not establish probable cause. (Doc. 21 at 2; Doc. 22 at 2-3). He asserts that law enforcement never saw him in possession of drugs during their surveillance and that no drug deals occurred within 62 Lincoln Way West. (Doc. 22 at 2-3).

Under the Fourth Amendment, a search warrant must be issued on the basis of probable cause. U.S. CONST. amend. IV. To establish probable cause, a warrant application must show that there is a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). In reviewing a magistrate judge's decision to authorize a warrant based on an affidavit of probable cause, the court must decide whether the magistrate judge had a "substantial basis" for determining that probable cause existed. United States v. Stearn, 597 F.3d 540, 554 (3d Cir. 2010). The court is required to give "great deference" to the issuing judge's assessment and must consider the most reasonable reading of the affidavit. Gates, 462 U.S. at 236; see United States v. Williams, 3 F.3d 69, 72 (3d Cir. 1993).

The probable cause assessment does not require direct evidence linking a place to be searched to a crime.  See United States v. Hodge, 246 F.3d 301, 305 (3d Cir. 2001) (quoting United States v. Conley, 4 F.3d 1200, 1207 (3d Cir. 1993)).  The Third Circuit Court of Appeals has recognized that evidence of drug trafficking "needs to be stored somewhere" and that the most convenient storage location is often the drug dealer's residence.  United States v. Whitner, 219 F.3d 289, 298 (3d Cir. 2000).  Application of this inference is appropriate when an affidavit is based upon evidence that:  (1) "the person suspected of drug dealing is actually a drug dealer;" (2) "the place to be searched is possessed by, or the domicile of, the dealer;" and (3) "the home contains contraband linking it to the dealer's activities." Stearn, 597 F.3d at 559 (quoting United States v. Burton, 288 F.3d 91, 104 (3d Cir. 2002)).

In the matter *sub judice*, the court finds that the warrant affidavit supported the magistrate judge's determination, to wit: that probable cause existed to believe that drugs and drug paraphernalia would be found in Gordon's residence at 62 Lincoln Way West.  Affiant Taylor clearly stated that law enforcement observed Gordon with the confidential informant's middle man during four controlled buys. (Doc. 21-2 at 5).  Law enforcement did not see contraband with Gordon, but his repeated involvement during the confidential informant's heroin transactions indicated that there was a "fair probability" that drugs would be found on his person.  See Gates, 462 U.S. at 238.  The affidavit established that Gordon was a drug dealer, 62 Lincoln Way West was Gordon's residence, and Gordon had brought

4

heroin with him from his residence on three occasions. (Doc. 21-2 at 3-6); see Stearn, 597 F.3d at 559. The inference that Gordon would store contraband at his residence was appropriate in this circumstance. The court therefore concludes that the magistrate judge's assessment of probable cause was reasonable.[1]

IV.     **Conclusion**

Gordon's motion (Doc. 21) will be denied. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     October 25, 2016

---

[1] Alternatively, the good faith exception applies. The detective obtained the warrant from a neutral and detached magistrate. United States v. Leon, 468 U.S. 897, 913 (1984); Stearn, 597 F.3d at 561.